IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN VASQUEZ-GARCIA,<br><br>Defendant. | MEMORANDUM OPINION<br>AND ORDER<br>DENYING MOTION TO SUPPRESS<br>AND REQUEST FOR EVIDENTIARY<br>HEARING<br><br>Case No. 2:19-CR-00202<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Before the court is Defendant Juan Vasquez-Garcia's motion to suppress wiretaps and request for an evidentiary hearing. *See* Dkt. No. 33. The motion is denied without prejudice.

## I.

In the District of Utah,

> [a] motion to suppress evidence, for which an evidentiary hearing is requested, shall state with particularity and in summary form without an accompanying legal brief the following: (i) the basis for standing; (ii) the evidence for which suppression is sought; and (iii) a list of the issues raised as grounds for the motion.

DUCrimR 12-1(e). Customarily, the court will hold an evidentiary hearing after the motion is filed, and then "provide reasonable time for all parties to respond to the issues of fact and law raised in the motion . . . ." *Id.* The decision whether to grant an evidentiary hearing on a motion to suppress evidence is committed to the trial court's discretion, however. *See United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995).

In this case, Defendant seeks to suppress all evidence resulting from the interception of communications pursuant to wiretap orders. *See* Dkt. No. 33 at 1-2. Defendant alleges the following grounds in support of the motion to suppress:

- The affidavit, the application for the wiretap order, the original wiretap order, and all applications for extensions of the original wiretap order "fail to meet the requirements of the Fourth Amendment of the United States Constitution, in that the affidavits and orders fail to establish probable cause to issue the order, and the wiretap orders are overbroad." *Id.* at 2.

- The affidavit, the application for the wiretap order, the original wiretap order, and all applications for extensions of the original order "fail to comply with the statutory requirements for wiretaps." *Id.*

- The wiretap order and all extensions of the wiretap order "were insufficient on the face of the documents." *Id.*

- The interceptions were "not made in conformity with the order authorizing the interceptions." *Id.*

- The affidavit, application for the wiretap order, the wiretap order, and extensions thereof "fail to establish that other investigative procedures have been tried or reasonably appear to be unlikely to succeed, or are too dangerous, and further, the non-pertinent interceptions were not sufficiently minimized." *Id.*

## II.

Having carefully considered Defendant's motion to suppress and request for a hearing, as well as the governing legal standards, the court holds Defendant's motion insufficient to warrant an evidentiary hearing. The grounds offered in support of the motion are nothing more than generalized legal conclusions without any factual support, reference, or explanation. Defendant makes no attempt to identify the specific documents to which his various conclusory allegations apply, to identify which parts of those documents are improper or insufficient, or to explain why this is so. Rather, Defendant offers only categorical assertions that, among other things, the wiretaps and all supporting documents suffered from all or most of a laundry list of generalized

legal defects: they failed to establish probable cause, they were overbroad, they failed to comply with the statute, they were insufficient on their face, and they failed to establish necessity.

The purpose of an evidentiary hearing on a motion to suppress is "to assist the court in ruling on the defendant's specific allegations of [unlawful] conduct; its purpose is not to assist the moving party in making discoveries that, once learned, might justify the motion after the fact." 12A *Fed. Proc.*, L. Ed. § 33:699 (2020). Although the local rules allow defendants to present information "in summary form," a motion to suppress requesting an evidentiary hearing must nonetheless present the factual and legal issues "with particularity." DUCrimR 12-1(e). Defendant's motion, which consists of nothing more than conclusory assertions, fails to meet this standard. *See United States v. Dyer*, 609 F. Supp. 329, 329-30 (D.N.M. 1983) (holding that a hearing is not required when a motion to suppress is supported only by conclusory allegations and fails to incorporate sufficient factual detail); *United States v. Edgeworth*, 889 F.3d 350, 354 (7th Cir. 2018) (concluding that the district court did not abuse its discretion in denying defendant's motion to suppress and request for an evidentiary hearing where claims were vague and conclusory and lacked factual support or explanation).

\* \* \*

For these reasons, Defendant's motion to suppress and request for an evidentiary hearing is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.                                                                 DATED this 29th day of January, 2021.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge